IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**CELESTE WINTERS, et al.**
**PLAINTIFFS**

4:19cv155-DMB-JMV

v.                                                CIVIL ACTION NO. 19-CV-_____

**QUALITY MENTAL HEALTH, INC., f/k/a LIFE HELP, INC., BEACON HARBOR, INC., BEACON HARBOR II, INC., & REGION VI COMMUNITY MENTAL HEALTH COMMISSION d/b/a LIFE HELP,**
**DEFENDANTS**

## COMPLAINT

Plaintiff, Celeste Winters, Hattie Kelly, and Sheila Williams, by their attorneys, and for their Complaint against Defendants Quality Mental Health, Inc. f/k/a Life Help, Inc., Beacon Harbor, Inc., Beacon Harbor II, Inc., and Region VI Community Mental Health Commission d/b/a Life Help, states and alleges as follows:

### NATURE OF THIS ACTION

1. Plaintiffs have been employed by Defendants as caretakers with non-exempt status for several years, at a facility owned and/or operated by Defendants in Greenwood, Leflore County, Mississippi. Defendants operate assisted living, addiction treatment and other community living and managed care facilities in Mississippi and throughout the South. Defendants have required Plaintiffs and other similarly situated employees to reside and remain on Defendants' premises for extended periods of time in excess of 120 hours per week, during which time the employees are not completely relieved from duty. However, Defendants have not compensated Plaintiff or those similarly situated for time required to be spent on Defendants' premises, of up

to 8 hours per night. In addition, Plaintiffs regularly worked other overtime as employees, both before, during and after their scheduled shifts. Defendants have not paid Plaintiffs straight time or overtime at $1^{1}/_{2}$ times their regular hourly rates of pay when the employees worked overtime for Defendants, as required by federal law. Subsequent to the filing of a similar Complaint against these same Defendants, Defendants have retaliated against other similarly situated employees who filed similar litigation in this District, *Dukes v. Quality Mental Health, et al.*, Case No. 4:18-CV-63-SA-JMV, by substantially reducing their scheduled work hours, and thus, their compensation.

2. Plaintiffs' claims are brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

## JURISDICTION & VENUE

3. Jurisdiction in this Court is conferred by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), on the basis of federal question jurisdiction, pursuant to the Fair Labor Standards Act, because the matter concerns an action arising under a federal law, the Fair Labor Standards Act, 29 U.S.C. 201, et seq. (the "FLSA").

4. Venue is proper in this Court as the illegal conduct alleged herein occurred primarily within this district.

## PARTIES

5. Plaintiffs Celeste Winters, Hattie Kelly, and Sheila Williams are each individuals, residents and citizens of the City of Greenwood in Leflore County, Mississippi. Each of the Plaintiffs was employed by Defendants primarily at Defendants' location on Highway 82 East, in Greenwood, Leflore County, Mississippi (the "Premises").

6. Defendant Quality Mental Health, Inc. is a Mississippi not-for-profit corporation, and formerly conducted business under the name "Life Help" throughout the State of Mississippi,

and operates under the supervision of regional commissions appointed by county boards of supervisors comprising their respective service areas within the State. *See*, http://www.dmh.ms.gov/service-options/community-mh-centers/. Life Help, Inc. is a defunct Mississippi not-for-profit corporation who now operates under the corporate entity Quality Mental Health, Inc.

7. According to Defendants' website, at http://region6-lifehelp.org/index2.html, Defendants currently operate outpatient, residential, alcohol and drug, and crisis mental health services for children, adults, the elderly, and the developmentally disabled, at over twenty-five locations throughout the South, including doing business under the assumed name of "Beacon Harbor", "Life Help", and using other names.

8. Defendants Beacon Harbor, Inc. and Beacon Harbor II, Inc. are Mississippi not-for-profit corporations, doing business as a group home located at 2712 Rear Highway 82 East, 2714 Highway 82 East, and 2800 Highway 82 East, all using the same U.S. Post Office Box 701, in Greenwood, Mississippi.

9. Beacon Harbor, Inc. and Beacon Harbor II, Inc. are active Mississippi corporations, in good standing at the time of the filing of this action.

10. Region VI Community Mental Health Commission d/b/a Life Help is, according to its website at http://regi69.attwebspace.com/wordpress/, "a public, not for profit agency that provides a wide range of behavioral health services to individuals in Attala, Bolivar, Carroll, Grenada, Holmes, Humphreys, Issaquena, Leflore, Montgomery, Sharkey, Sunflower, and Washington Counties."

11. At all relevant times during Plaintiffs' employment by Defendants, each of Defendants has been an "employer" as defined by Section 3(d) of the FLSA, 29 U.S.C. § 203(d) and Section

3(c) of the IMWL, 820 ILCS § 105/3(c). Each of the Defendants has and has had the power to hire, control, and fire employees, including but not limited to Plaintiffs; each of the Defendants has directed, implemented and controlled the wage and rounding policies and practices at issue in this lawsuit; and each of the Defendants both ratified and implemented the wage and rounding policies and practices used on Plaintiffs.

12. At all relevant times, Plaintiffs have each been an "employee" of one or more of Defendants as defined by Section 3(e) of the FLSA, 29 U.S.C. § 203(e) and Section 3(d) of the IMWL, 820 ILCS § 105/3(d).

**FACTS**

13. Plaintiffs were hired more than three years prior to the filing of this action, by Defendants, to work part time for Defendants primarily as a House Parent, caring for mostly mentally challenged residents at Defendants' Beacon Harbor assisted living facility, who cannot be left alone.

14. Plaintiffs have been paid, during most of the relevant statutory period, at an hourly rate equal to the minimum wage permissible under the federal FLSA, for the time they were scheduled to work.

15. As a House Parent, Plaintiffs have reported to work on the Premises for a shift scheduled to begin at 4:00 PM, and scheduled to end at 8:00 AM the next day during each day of the week, at least five consecutive days or nights per week. In addition, every other weekend, Plaintiffs have been scheduled to work on the Premises from 4:00 PM Friday through 8:00 AM on Monday.

16. Plaintiffs have typically been compensated from 4:00 PM until 10:00 PM; and from 6:00 AM until 8:00 AM the next day. Plaintiffs have not been compensated from 10:00 PM through 6:00 AM.

17. Plaintiffs' residences are a short drive from Beacon Harbor.

18. Nonetheless, Plaintiffs have typically not been permitted to leave the Premises during their scheduled shift and return to their residences, from 10:00 PM until 6:00 AM, but instead have been required to remain on the Premises during all scheduled shifts. Thus, Plaintiffs have been required to reside on the Premises for at least 120 hours per week.

19. Plaintiffs have been permitted to sleep at work Premises during each scheduled shift, in a room that is provided for them to sleep, from 10:00 PM until 6:00 AM (the "Sleep Period").

20. Plaintiffs have not been permitted to leave their belongings in the room provided to them for the Sleep Period during on- and off-duty periods.

21. Plaintiffs have not been relieved from duty during the Sleep Period, but have instead been "on call", and required to respond to any issues which may arise for a resident during the Sleep Period.

22. Defendants have supposedly permitted Plaintiffs to seek payment for work actually performed during the Sleep Period; but in fact Defendants have refused to accept requests for payment for services performed by Plaintiffs during the Sleep Period.

23. It has been Defendants' policy and practice to require Plaintiffs to be present during the Sleep Period, but to deliberately not compensate them for their time during the Sleep Period; thus, Plaintiffs have not been compensated for hundreds of hours per month during each of the last three years, just for time spent on Defendants' behalf during the Sleep Period.

## FAILURE TO COMPENSATE FOR TIME

## PRE-SHIFT, POST-SHIFT AND MEAL BREAKS

24. Plaintiffs have also been requested, permitted or required by Defendants to arrive at work prior to the time of their scheduled shift, in order to perform a variety of tasks for Defendants, including preparing food for residents, preparing summary paper work, entering

information into Defendants' computer systems, and attending on-line and live workshops.

25. Plaintiffs have also been requested, permitted or required by Defendants to perform work after the time of their scheduled shift, in order to perform a variety of tasks for Defendants, including meeting with supervisors, advising the status of persons under their care, and summarizing the condition of patients or residents who are Defendants' customers.

26. Plaintiffs have taken their meals with residents, and are required to attend to residents and are otherwise interrupted to perform work during their meal time.

27. Plaintiffs have been instructed and required by supervisors to write down the time of their scheduled shift on time cards, notwithstanding that Plaintiffs work beyond that scheduled time.

28. Defendants are and have been aware that Plaintiffs have worked in excess of forty hours per week, but were not compensated at a rate of $1\ ^1/_2$ times their regular hourly rate of pay.

## DEFENDANTS' FAILURE TO PAY OVERTIME WAGES PROPERLY

29. Plaintiffs have routinely worked in excess of forty hours in any given workweek during their employment by Defendants.

30. Defendants have been aware and have observed that Plaintiffs routinely worked in excess of forty hours in any given workweek during their employment by Defendants.

31. During the FLSA statutory recovery period (and prior to that time), and per Defendants' policy and practice, Defendants have instructed their supervisors to track the time to be paid as wages to the putative collective based upon their scheduled shift time, instead of their actual time worked, by rounding the actual time worked to the amount of time of their scheduled shifts.

32. This was typically achieved by instructing the putative class members to write an "8" next to each shift on a time log and/or other documentation of time worked by Defendants' employees; this information was in turn used by Defendants' payroll processing personnel to

calculate the collective class members' pay.

33. This improper rounding of the time actually worked by the collective class members, where supervisors instructed employees to write "8" next to their scheduled shift, was employed by Defendants at all of their facilities as a policy and practice.

34. Plaintiffs performed compensable work activities during the time that was rounded away under Defendants' policies and practices.

35. The rounded times were then used to calculate payroll and compensation for the collective class members at all of their facilities, and was detrimental to the collective class members because it rounded away more minutes from the collective than it gave to the collective, and was therefore not an equitable rounding practice, since the staff members were asked or permitted to work more hours than their scheduled shift hours, not fewer.

36. At a minimum, several hours of time worked during each and every weekday of the collective class period by Plaintiffs was detrimentally rounded and shaved off their time worked, due to the rounding practices described herein.

37. Defendants have frequently paid Plaintiffs at straight time rates for overtime work, but Plaintiffs are entitled to overtime compensation of one and one half times their regular rate of pay for all hours worked in excess of forty hours per workweek for all time they worked in excess of forty hours in any given workweek.

38. Defendants have and have had a policy and practice of failing to pay the proper amount of overtime wages to Plaintiff, as well as to Defendants' other similarly situated hourly employees, based on the employee's regular hourly rate. That practice is as set forth above in, inter alia, paragraphs 1, 20-21, 26, & 28-38, and in the payroll records for other of Defendants' hourly employees.

39. Section 7 of the FLSA, 29 U.S.C. § 207, and Section 4a of the IMWL, 820 ILCS § 105/4a,

require employers to pay employees one and one half times their regular rate of pay for all hours worked in excess of forty hours per workweek.

40. Defendants' practice, as set forth above in, inter alia, paragraphs 1, 20-21, 26, & 28-38, of failing to pay the proper amount of straight time and overtime wages has caused Plaintiff s to be deprived of an amount due them and ascertainable through a review of the payroll records Defendants are legally required to maintain; the exact amount is presently not ascertainable by Plaintiff.

**COUNT I - FLSA**

**<u>FAILURE TO PAY PROPER STRAIGHT TIME AND OVERTIME WAGES</u>**

41. Plaintiffs reallege and incorporate by reference Paragraphs 1 through 40 as Paragraph 41 of this Count I.

42. Plaintiffs seek to recover from Defendants unpaid wages, liquidated damages, attorneys' fees and costs pursuant to Section 16(b) of the FLSA. 29 U.S.C. § 216(b).

43. Defendants' practice, as described in, inter alia, paragraphs 1, 20-21, 26, & 28 & 38 of failing to pay Plaintiffs the proper amount of straight time and overtime wages due to them has resulted in Defendants' hourly employees not being paid the full amount of wages owed them, in violation of Sections 6 and 7 of the FLSA, 29 U.S.C. § 206, 207.

44. Defendants have failed to pay Plaintiffs the full amount of straight time and overtime wages they earned for all time worked each workweek.

45. Defendants' failure to compensate Plaintiffs the full amount of straight time and overtime wages for all time worked violates Sections 6 and 7 of the FLSA, 29 U.S.C. § 206, 207.

46. Defendants' violation of the FLSA was willful: Defendants deliberately rounded the time worked by Plaintiffs for the express purpose of attempting to avoid liability for straight time and overtime compensation.

47. Plaintiffs have been damaged by not being paid straight time and overtime wages due to them in an amount not presently ascertainable for the relevant time period.

**WHEREFORE PREMISES CONSIDERED**, Plaintiffs demand a trial by jury on this and all counts so triable, and pray that this Court award them the following relief under Count I: (a) award Plaintiffs all unpaid straight time and overtime wages they earned, plus liquidated damages;

(b) declare that Defendants' conduct as set forth herein violates the FLSA; and enjoin Defendants from retaliating against Plaintiffs or any claimant who may seek to opt-in to this case;

(c) award Plaintiffs their attorneys' fees and costs; and

(d) grant such further relief as this Honorable Court deems equitable and just.

Dated: October 18, 2019

Respectfully submitted,

**Celeste Winters, Hattie Kelly, and Sheila Williams, Plaintiffs**

By: /s/ Jeffrey Grant Brown
Jeffrey Grant Brown

Jeffrey Grant Brown, P.C.
221 North LaSalle Street, Suite 1414
Chicago, IL 60601
Telephone: (312) 789-9700
jeff@jgbrownlaw.com
*Appearing pro hac vice*

/s/ Glen J. Dunn, Jr.
Glen J. Dunn, Jr

Glen J. Dunn & Associates, Ltd.
221 North LaSalle Street, Suite 1414
Chicago, IL 60601
Telephone: (312) 546-5056
gdunn@gjdlaw.com
*Appearing pro hac vice*